U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 0 1 2007

ROBERT H. SHEMWELL CLERK
BY _____ DEPUTY
SHREVEPORT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| STEPHANIE DENISE SALTER DEBORAH BAKER, NIPA MOLINA, MARY FORD and STEPHANIE CAIN | * | CIVIL ACTION NO.: |
| VERSUS | * | **5:07cv1648** |
| PINNACLE ENTERTAINMENT, INC., DBA PNK BOSSIER CITY, INC., DBA BOOMTOWN CASINO & HOTEL BOSSIER CITY | * | MAGISTRATE JUDGE: |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come plaintiffs, **STEPHANIE DENISE SALTER, DEBORAH BAKER, NIPA MOLINA, MARY FORD and STEPHANIE CAIN**, who respectfully represent as follows:

### JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C., §1331 and 1343. The rights, privileges and immunities sought to be redressed in this suit are those secured by 42 U.S.C. §1981, 42 U.S.C. §2000e, et seq., and 29 U.S.C. §623 et seq. Plaintiffs also wish to invoke the supplemental jurisdiction of this court to hear state law causes of actions relating to discrimination due to race, age and nationality.

2. This is an action brought by plaintiffs against defendant for compensatory and punitive damages and to enjoin discriminatory practices of defendant, as prohibited by 42 U.S.C.

§1981, 42 U.S.C. §2000e, et seq., and 29 U.S.C. §623 et seq., and Louisiana Discrimination statutes.  Plaintiffs have filed complaints with the U.S. Equal Employment Opportunity Commission.

## PARTIES

3.   Plaintiff, **STEPHANIE DENISE SALTER**, of the full age of majority, is a resident of Bossier City, Louisiana and a citizen of the United States of America.  She is an African American.

4.   Plaintiff, **DEBORAH BAKER**, of the full age of majority, is a resident of Bossier City, Louisiana, and a citizen of the United States of America.  She is 47 years old.

5.   Plaintiff, **NIPA MOLINA**, of the full age of majority, is a resident of Bossier City, Louisiana and a citizen of the United States of America.  She is 55 years old and an Asian American.

6.   Plaintiff, **MARY FORD**, of the full age of majority, is a resident of Shreveport, Louisiana and a citizen of the United States of America.  She is 55 years old and an African American.

7.   Plaintiff, **STEPHANIE CAIN**, of the full age of majority, is a resident of Shreveport, Louisiana and a citizen of the United States of America.  She is an African American.

8.   **PINNACLE ENTERTAINMENT, INC., d/b/a PNK Bossier City, Inc., d/b/a Boomtown Casino & Hotel Bossier City** is a business corporation, partnership or other entity with its principal place of business located in Bossier City, Louisiana, and whose designated registered agent for service of process is Mr. Barry Regular, 300 Riverside Drive, Bossier City, Louisiana 71111.

## FACTS

9.   That Boomtown Casino hereinafter referred to simply as ["Boomtown"] operates a gaming establishment in the Shreveport-Bossier region providing entertainment experiences to its patrons to include casino gaming. It also operates a number of restaurants and a hotel where customers may stay overnight and eat and drink as necessary.

10.   That plaintiff, **STEPHANIE DENISE SALTER**, was hired by defendant, Boomtown Casino as a cocktail server in November 2001 to work in the casino and has worked continuously at the casino since this date. Her principal job duty is to provide alcoholic beverages, liquid refreshments and cigarettes to the customers gaming in the casino. At all times relevant herein, she was being paid the sum of $2.70 per hour plus tips.

11.   That **DEBORAH BAKER**, was hired by defendant, Boomtown Casino as a cocktail server in August, 1996 to work in the casino and has worked continuously at the casino since this date. Her principal job duty is to provide liquid refreshments and cigarettes to the customers gaming in the casino. At all times relevant herein, plaintiff was being paid a salary of $3.20 per hour plus tips.

12.   That **NIPO MOLINA**, was hired in October, 2001 as a cocktail server to work in the casino and has worked continuously at the casino since this date. Her principal job duty is to provide alcoholic beverages, liquid refreshments and cigarettes to the customers gaming in the casino. At all times relevant herein, she was being paid the sum of $2.75 per hour plus tips.

13.   That plaintiff, **MARY FORD**, was hired by defendant, Boomtown Casino as a cocktail server in April, 2001 to work in the casino and has worked continuously at the casino since

this date.  Her principal job duty is to provide liquid refreshments and cigarettes to the customers gaming in the casino.  At all times relevant herein, plaintiff was being paid a salary of $2.88 per hour plus tips.

14.  That plaintiff, **STEPHANIE CAIN**, was hired by defendant, Boomtown Casino as a cocktail server in September, 1996 to work in the casino.  Her principal job duty is to provide liquid refreshments and cigarettes to the customers gaming in the casino and has worked continuously at the casino since this date.  At all times relevant herein, she was being paid the sum of $2.88 per hour plus tips.

15.  That during the course of their initial employment, plaintiffs were treated with dignity and respect and allowed to work every shift and in all of the work stations of the casino (boat).  They were allowed to work table games, special events and in the second floor gaming area.

16.  That most of the money made by cocktail servers working at the casino is made from tips given by customers who game on the second floor of the casino from 4pm to 12am; and from customers who gamble in the table game area.  Moreover, cocktail servers also are given lucrative tips during the time they work special events.

17.  That during the period of October, 2006, defendant, Boomtown Casino, moved plaintiffs from table games, the second floor and from the 4pm to 12am shift to the slots area, where little money is made via tips and gratuities.  They were replaced by twenty-seven (27) young white females in their twenties.  Moreover, these same white females were given all the opportunities to work all special events.

18.  That in response to the discriminatory actions of defendant, Boomtown Casino, plaintiffs filed complaints with management alleging discrimination against them due to age and race.

They also filed complaints with the Equal Employment Opportunity Commission making substantially the same allegations.

19.  That during the ensuing months from October, 2006 to April, 2007, plaintiffs, defendants and their counsel met in an effort to resolve plaintiffs' complaints.  Defendant admitted that it had violated federal and state discrimination statutes as alleged.  In April, 2007, it decided to return plaintiffs to their prior shift (4pm to 12am), allow them to work table games and on the second floor.  However, it continues to refuse to allow them to work special events. It also refuses to compensate plaintiffs for the loss of wages they suffered during the period of October 2006 to April 2007.

20.  That the record is abundantly clear and defendant, Boomtown Casino has admitted, that it discriminated against **STEPHANIE DENISE SALTER** due to her race; it discriminated against **DEBORAH BAKER**, due to her age; it discriminated against **NIPA MOLINA**, due to her nationality and age; it discriminated against **MARY FORD**, due to her race and age; and that it discriminated against **STEPHANIE CAIN**, due to her race.

## FIRST CAUSE OF ACTION
## RACIAL & AGE DISCRIMINATION

1.  Plaintiffs repeat, reiterate and re-allege each and every allegation contained hereinabove as if fully set forth herein.

2.  Defendant herein, by its conduct described herein, intentionally, willfully and without justification deprived Plaintiffs, **STEPHANIE DENISE SALTER, DEBORAH BAKER, NIPO MOLINA, MARY FORD and STEPHANIE CAIN,** of their rights, privileges and

immunities secured unto them by the Constitution and the laws of the United States, particularly, their right to be free from age and racial discrimination in the terms and conditions of their employment and their rights as provided by 42 U.S.C. 2000e et seq and 42 U.S.C. § 1981.

**SECOND CAUSE OF ACTION**
**AGE & RACIAL DISCRIMINATION**
**PENDANT STATE CLAIMS**

3.  Plaintiffs, **STEPHANIE DENISE SALTER, DEBORAH BAKER, NIPO MOLINA, MARY FORD and STEPHANIE CAIN,** repeat, reiterate and re-allege each and every allegation contained hereinabove as if fully set forth herein.

4.  Plaintiffs seek damages for injuries arising under the Louisiana State law provisions which prohibit discrimination because of race, age, and nationality.

**THIRD CAUSE OF ACTION**
**PERMANENT INJUNCTION**

5.  Plaintiffs, **STEPHANIE DENISE SALTER, DEBORAH BAKER, NIPO MOLINA, MARY FORD and STEPHANIE CAIN,** repeat, reiterate and re-allege each and every allegation contained hereinabove as if fully set forth herein.

6.  Defendant has no policy, procedure, practice and/or training program, designed to prevent racial discrimination and retaliation.

7.  Defendant should be ordered to institute and establish policies, procedures, practices and training programs, which are designed to prevent racial discrimination, and to train its employees in said policies and procedures.

## MISCELLANEOUS

8.  Plaintiffs desire a Jury Trial on all issues triable by a jury.

9.  For the violation of Title VII, 42 U.S.C. §1981, 29 U.S.C. §623, et seq., and state law rights, Plaintiffs, **STEPHANIE DENISE SALTER, DEBORAH BAKER, NIPO MOLINA, MARY FORD and STEPHANIE CAIN,** are entitled to special damages for loss of past and future income and are also entitled to general damages for mental distress, embarrassment and humiliation, inconvenience, loss of occupational opportunities and loss of enjoyment of employment, attorney fees and costs of Court.

10. Plaintiffs are further entitled to punitive damages since the acts of Defendant were egregious and taken in bad faith.

11. Plaintiffs are entitled to an order from this court ordering defendant to allow plaintiffs to work special events at the casino.

**WHEREFORE, Plaintiffs, STEPHANIE DENISE SALTER, DEBORAH BAKER, NIPO MOLINA, MARY FORD and STEPHANIE CAIN, pray** that this Honorable Court issue judgment herein, granting unto them, after due proceedings had, the following relief:

A.  Declaring that Defendant's actions complained of herein violate state and federal age and racial discrimination statutes;

B.  Enjoining and Ordering Defendant to implement a policy and training program designed to eliminate all forms of age, national origin and racial discrimination in their workplace;

C.  Granting Plaintiffs a Trial by Jury;

D.  Granting unto Plaintiffs reasonable attorneys fees, together with all costs;

E.    Granting such other and further relief as the Court may deem just and equitable,

including punitive and compensatory damages; back pay and front pay; and

F.    The issuance of an injunction ordering defendant to allow plaintiffs to work special

events.

RESPECTFULLY SUBMITTED,

PIPER & LAFITTE
Attorneys at Law
624 Pierre Avenue
Post Office Box 69
Shreveport, Louisiana 71161
Telephone:    (318) 226-0826
Facsimile :    (318) 424-9900

BY:    _____
ROBERT E. PIPER, JR.
LA BAR ROLL NO. 10,552

ATTORNEYS FOR PLAINTIFFS, STEPHANIE
DENISE SALTER, DEBORAH BAKER, NIPO
MOLINA, MARY FORD and STEPHANIE CAIN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| STEPHANIE DENISE SALTER DEBORAH BAKER, NIPA MOLINA, MARY FORD and STEPHANIE CAIN | * | CIVIL ACTION NO.: |
| VERSUS | * | JUDGE: |
| PINNACLE ENTERTAINMENT, INC., DBA PNK BOSSIER CITY, INC., DBA BOOMTOWN CASINO & HOTEL BOSSIER CITY | * | **MAGISTRATE JUDGE:** |

## V E R I F I C A T I O N

STATE OF LOUISIANA
PARISH OF CADDO

**BEFORE ME**, the undersigned authority, personally came and appeared **STEPHANIE DENISE SALTER**, who, after being duly sworn, deposed and said that she has read the foregoing Complaint and all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
STEPHANIE DENISE SALTER

**SWORN TO AND SUBSCRIBED BEFORE ME**, on this ___ day of October, 2007.

_____
**NOTARY PUBLIC**